IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES E. THORNTON, #Y19115,<br><br>          Plaintiff,<br><br>v.<br><br>JOHN BALDWIN,<br>FRANK LAWRENCE,<br>JACQUELINE LASHBROOK,<br>C/O DRYDEN,<br>TIMOTHY QUALLS, and<br>JOHN DOES 1-15,<br><br>          Defendants. | Case No. 20-cv-00518-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Charles Thornton, an inmate of the Illinois Department of Corrections, has filed a Motion for a Temporary Restraining Order ("TRO") and Preliminary Injunction Relief asking the Court to ensure that he when he is double celled with other inmates it is as safe as reasonably possible. (Doc. 11).

Thornton alleges that prison staff do not properly review prison records to determine whether cellmates are suitable, and as a result he has had been celled with cellmates who are designated as seriously mentally ill or have a violent prison record since 2018. (Doc. 12, p. 1; Doc. 13, p. 5; Doc. 1, p. 10). Thornton claims that his current cellmate (1) is very argumentative and tries to provoke fights with him; (2) does not allow Thornton to get up in the morning until he has finished doing things in the cell; (3) forces Thornton to go to sleep at 7:30 p.m.; (4) listens to music with his headphones on and raps

out loud; and (5) calls Thornton insulting names because Thornton takes psychotropic medication. (Doc. 13, p. 5-6). Thornton states he is in constant fear of being assaulted by his cellmate. Additionally, he has a bullet lodge in his neck close to his spinal cord, remaining from a previous injury, and any assault would lead to life threatening injuries. (Doc. 12).

In order to obtain relief, whether through a temporary restraining order or a preliminary injunction, Thornton must demonstrate that: (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm without the injunction. *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

The Motion is denied at this time. First, Thornton has not demonstrated a likelihood of success on the merits of his claim. He states that Defendants have placed him under conditions posing substantial risk of serious harm by not reviewing the prison records of inmates to assess suitability prior to assigning him a cellmate. The Seventh Circuit has held, however, that a policy of random cellmate assignments is not in and of itself deliberate indifference in violation of the Constitution. *See Ramos v. Hamblin*, 840 F.3d 442 (7th Cir. 2016). Additionally, he has not informed any of the Defendants about the issues with his current cellmate for fear that correctional officers will tell his cellmate and make the situation worse. (Doc. 13, p. 5). Defendants can only be liable for deliberate indifference if they are aware of the risk to Thornton's safety and then disregard that risk. They cannot be liable "even if they should have known about the risk." *Ramos,* 840 F.3d

at 445 (citations omitted). Accordingly, Thornton has not demonstrated a likelihood of success on an Eighth Amendment claim.

Second, Thornton's claim does not amount to the immediate and irreparable harm necessary for emergency relief. He argues that he is suffering irreparable harm because he is in constant fear of assault, which could result in him becoming paralyzed due to his preexisting medical condition. (Doc. 13, p. 6). Although he states that he and his current cellmate argue every day and that his cellmate "tries to provoke fights," other than not getting along with his cellmate, it is not clear that there is an actual threat to his physical safety. In fact, although in the Complaint and Motion for Preliminary Injunction he asserts he has been in fear of his safety and housed in dangerous conditions since 2018, there are no allegations that he has been physically assaulted by any of his cellmates, and "[a] speculative fear of injury is not a ground for an injunction." *Wright v. Miller*, 561 F. App'x 551, 554 (7th Cir. 2014). Thus, Thornton has not established that he faces a specific threat of immediate and irreparable injury or loss warranting preliminary injunctive relief.

Because Thornton has not made a clear showing that he is entitled to relief, the Motion for a Temporary Restraining Order and Preliminary Injunction is **DENIED** without prejudice.

**IT IS SO ORDERED.**

DATED:   August 11, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**