IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES E. THORNTON, #Y19115,<br><br>              Plaintiff,<br><br>v.<br><br>JOHN BALDWIN,<br>FRANK LAWRENCE,<br>JACQUELINE LASHBROOK,<br>JUSTICE DRYDEN,<br>WILLIAM QUALLS,<br>ANTHONY WILLS, and<br>TIM BRUMLEY,<br><br>              Defendants. | Case No. 20-cv-00518-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on several motions filed by pro se Plaintiff Charles Thornton. Thornton has filed Motions to Substitute and Amend (Docs. 52, 54), an objection to the Court's order denying his request for a TRO and Preliminary injunction (Doc. 53), and Motion for an Order to Have Defendants' to Correct a Portion of the Initial Disclosures (Doc. 58).

### MOTION TO SUBSTITUTE AND AMEND

Thornton, an inmate of the Illinois Department of Corrections currently incarcerated at Menard Correctional Center ("Menard"), claims that Defendants subjected him to unconstitutional conditions of confinement by housing him with cellmates who have mental illnesses and are aggressive, leaving him in constant fear of assault. Following an initial screening of the First Amended Complaint pursuant to 28 U.S.C. § 1915A, Thornton is proceeding with the following claims:

> **Count 1:** Eighth Amendment failure to protect claim against Baldwin, Lawrence, Lashbrook, Dryden, Qualls, and John Doe 2 for housing Thornton with cellmates who are aggressive and suffer from mental

illnesses causing Thornton to be in constant fear of assault.

**Count 2:**  Eighth Amendment unconstitutional conditions of confinement claims against Dryden and Qualls for refusing to provide Thornton adequate cleaning supplies during the time that he was celled with inmate Garrett.

**Count 3:**  First Amendment retaliation claim against Dryden.

(Doc. 20). Now before the Court is a Motion to Substitute and Leave to Amend the Complaint. (Doc. 54).[1] In the motion, Thornton asks the Court to substitute Tim Brumley, a correctional sergeant at Menard for John Doe 2. Along with the motion, Thornton submitted a proposed amended complaint. Defendants did not file a response in opposition to the motion.

Federal Rule of Civil Procedure 15(a) provides that leave to amend should be freely given when justice so requires. Thornton's motion is timely but because the proposed amended complaint is not identical to the First Amended Complaint, it is also subject to review under 28 U.S.C. § 1915A.[2] The Court will screen the proposed amended complaint in accordance with this statute in conjunction with its consideration of Thornton's motion.

The factual assertions set forth in the proposed amended complaint remain substantially similar to those raised in the First Amended Complaint. Thus, the Court declines to recount all the allegations as stated in the proposed amended complaint. Thornton still alleges that he was housed with Lamare Garrett beginning on June 25, 2018. Garrett was designated as seriously mentally ill ("SMI") and had disruptive and unsanitary behavior. While housed with Garrett, Thornton feared he would be assaulted. Garrett filed grievances regarding being housed with an SMI designated inmate in an unsanitary cell, and in retaliation for filing grievances, a few months later, he was celled with Johnnie Hill. Hill took psychotropic medications and had a high aggression level and

---

[1] Thornton has filed two motions seeking to substitute and amend the complaint. (Docs. 52, 54). In the motion filed on December 8, 2020, he states the previous motion filed on November 30, 2020 was incomplete and mistakenly filed. Thus, the first motion filed on November 30, 2020 (Doc. 52) is denied as moot.
[2] Pursuant to Section 1915A, any portion of the proposed amended complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

a violent prison record of assaults against previous cellmates. Thornton repeatedly reported his issues with his cellmates and fears of assault to Defendants, but neither he nor his cellmate was ever moved to a different cell by any of the Defendants. Finally, Thornton reasserts that during his time housed with Garrett and Hill, Thornton was fearful of an assault due to a preexisting injury. He has small bullet fragments that remain lodged in the back right side of his neck from a gunshot wound, which cannot be removed, and he suffers from nerve damage. Because of this injury, if he is hit anywhere in the head, he could become paralyzed.

Upon review of the proposed amended complaint, the Court finds that the additional allegations added (*see* para. 10, 13, 14, 25, 28, 33, 34 of the amended complaint) do not change the Counts as previously designated in the Merit Review Order. (Doc. 20). Thornton has sufficiently repleaded Counts 1, 2, and 3. Accordingly, the Motion to Substitute and Leave to Amend the Complaint is granted. Tim Brumley is substitute for John Doe 2. The Clerk will be directed to file the proposed amended complaint as the "Second Amended Complaint."

## OBJECTION

Prior to the reassignment of this case to the undersigned, Thornton filed a motion for a temporary restraining order ("TRO") and preliminary injunction on August 7, 2020. Chief Judge Rosenstengel denied the motion on August 12, 2020. (Doc. 16). Thornton then filed a second motion for a TRO and preliminary injunction a week later. Chief Judge Rosenstengel denied the request for a TRO but directed Defendants to respond to the request for a preliminary injunction. (Doc. 20). On August 28, 2020, before Defendants responded, Thornton filed a third motion for a TRO and preliminary injunction. A response was filed by Defendants on September 18, 2020, and Thornton filed a fourth motion for a TRO and preliminary injunction on September 25, 2020. In the motions for TRO and preliminary injunction, Thornton alleged that he was currently housed with an aggressive cellmate who had threatened to physically harm him, and he requested to be celled in a single-man cell. On September 28, 2020, Thornton informed the Court that he had not

received Defendants' response and ask for a copy. The following day, on September 29, 2020, Chief Judge Rosenstengel denied all three motions. (Doc. 39).

Thornton has filed an objection arguing the Court abused its discretion by ruling on the motions for emergency relief before he received a copy of Defendants' response and unable to file a reply brief. Thornton also asserts that the Court heavily relied on Defendants' response, which included false evidence. He asserts that Defendants falsely claim his allegations regarding his current situation with his cellmate were investigated, when in fact, he was never interviewed by prison staff.

To the extent Thornton is asking the Court to reconsider its order, the request is denied. "A motion to reconsider is proper where the Court has misunderstood a party, where the Court has made a decision outside the adversarial issues presented to the Court by the parties, where the Court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered." *Battle v. Smoot*, No. 17-cv-1165-NJR, 2018 WL 2604855, at *2 (S.D. Il. June 4, 2018).

There has not been any error of fact or law warranting reconsideration of Chief Judge Rosenstengel's Order. Chief Judge Rosenstengel did not deny the motions because Thornton's issue with his current cellmate had been properly addressed by Defendants but because of the deficiency in the motions themselves. The claims in the emergency injunction motions regarding his current cellmate were not brought against any of the Defendants in this action and were outside the allegations put forth in the operative complaint, which occurred in 2018. Thornton may not use a TRO or preliminary injunction as a vehicle to bring new allegations and name additional defendants. As for his inability to file a reply brief, as Chief Judge Rosenstengel noted, "Thornton has not requested additional time to file a reply and regardless, '[r]eply briefs are not favored and should be filed only in exception al circumstances." SDIL-LR 7.1(g).'" (Doc. 39, p. 2-3). Thornton has not demonstrated exceptional circumstances that would have warranted a reply brief, other

than he disagreed with the facts as presented by Defendants. Regardless of this factual dispute, the claims in the motions against nonparties do not relate to the claims pending in this lawsuit. Thus, Chief Judge Rosenstengel did not abuse her discretion in finding that Thornton failed to make a clear showing that he was entitled to a TRO or preliminary injunction prior to him filing a reply brief.

## MOTION TO CORRECT INITIAL DISCLOSURES

Thornton states that he received initial disclosures from Defendants on January 7, 2021. (Doc. 58). However, he finds the copy of his cumulative counseling summary misleading. Thornton claims that page #000343 incorrectly "portrays that Counselor Heather L. Price had a personal face-to-face contact with [him] during a COVID tour on the gallery where [he] was housed on November 19, 2020." He asks the Court to have this document corrected.

The motion is denied. The Court will not correct initial disclosures provided to Thornton by Defendants. To the extent Defendants file any discovery on the record in support of a future motion which contains disputed information or assertions, Thornton may provide competing arguments or evidence in his response to the motion.

## DISPOSITION

For the reasons stated above, pursuant to Rule 15 and after review of the proposed amended complaint pursuant to 28 U.S.C. § 1915A, the Court **GRANTS** the Motion to Substitute and Leave to Amend Complaint (Doc. 54). The Clerk is **DIRECTED** to file the proposed amended complaint submitted to the Court on December 8, 2020, as the "Second Amended Complaint." **Tim Brumley** is **SUBSTITUTE** for John Doe 2. The Clerk is **DIRECTED** to **SERVE** Tim Brumley in accordance with the Court's previous Merit Review Order. (Doc. 20, p. 12). Thornton is still proceeding with the following claims as specified in the previous Merit Review Order:

**Count 1:** Eighth Amendment failure to protect claim against Baldwin, Lawrence, Lashbrook, Dryden, Qualls, and Brumley for housing Thornton with cellmates who are aggressive and suffer from mental

                        illnesses causing Thornton to be in constant fear of assault.

**Count 2:**      Eighth Amendment unconstitutional conditions of confinement claims against Dryden and Qualls for refusing to provide Thornton adequate cleaning supplies during the time that he was celled with inmate Garrett.

**Count 3:**      First Amendment retaliation claim against Dryden.

All Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Second Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, defendants need only respond to the issues stated in this merit review order and the original Merit Review Order of the Complaint (Doc. 20).** Defendants are **ADVISED** that the Court does not accept piecemeal answers. The deadlines for Tim Brumley, a late appearing party, to make initial disclosures and file a motion for summary judgment on the issue of exhaustion is provided in the Initial Scheduling and Discovery Order. (Doc. 51).

The Motion to Substitute (Doc. 52) is **DENIED as moot.**

The request for reconsideration of the Order denying the motions for TRO and preliminary injunction (Doc. 53) is **DENIED.** The Motion to Correct Initial Disclosures (Doc. 58) is also **DENIED.**

**IT IS SO ORDERED.**

**DATED: August 3, 2021**

                                                    *s/Stephen P. McGlynn*
                                                    **STEPHEN P. MCGLYNN**
                                                    **United States District Judge**