IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHARLES E. THORNTON, Y19115,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 20-cv-0518-SPM |
| | ) |
| **JOHN BALDWIN,** | ) |
| **FRANK LAWRENCE,** | ) |
| **JACQUELINE LASHBROOK,** | ) |
| **JUSTICE DRYDEN,** | ) |
| **WILLIAM QUALLS,** | ) |
| **ANTHONY WILLS,** | ) |
| **and TIM BRUMLEY,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter is before the Court for consideration of Plaintiff Charles Thornton's response (Doc. 99) to the Order to Show Cause (Doc. 97) and of Defendants' pending Motion for Sanctions (Doc. 96) and supplement (Doc. 98).

### BACKGROUND

Plaintiff is a state prisoner confined at Menard Correctional Center. This case is proceeding on three claims: (Count 1) Eighth Amendment claim for failure to protect Plaintiff from aggressive and mentally ill cellmates who placed him in fear of assault; (Count 2) Eighth Amendment claim for housing Plaintiff in unsanitary conditions without cleaning supplies; and (Count 3) First Amendment retaliation claim. (Docs. 20, 61, 63).

The Court's Scheduling and Discovery Order of December 3, 2021 specified that Defendants are to serve any Rule 30 deposition notice upon Plaintiff at least two weeks prior to the deposition date, and notified Plaintiff that he must cooperate in the taking of his deposition.

1

(Doc. 73, pp. 1-2). All discovery was to have been completed by October 3, 2022. (Doc. 73, p. 2).

On September 19, 2022, Defendants mailed their Rule 30 notice to take Plaintiff's deposition exactly two weeks later, on October 3, 2022, via zoom video conference. (Doc. 98-1, pp. 1-2). Also on September 19, 2022, Plaintiff filed a motion for a three-month extension of the discovery deadline. (Doc. 90, supplemented at Docs. 91, 93). Plaintiff did not receive Defendants' deposition notice until September 26, 2022, exactly one week before October 3. (Doc. 99, pp. 2, 6). On September 30, 2022, the Court granted Plaintiff's motion for extension, moving the discovery deadline to December 27, 2022. (Doc. 92).

Defendants' motion for sanctions and Plaintiff's response agree on the following facts: Plaintiff appeared for the October 3, 2022 deposition and requested defense counsel to postpone the proceeding because he had insufficient time to prepare to answer questions. Defense counsel explained that if Plaintiff refused to cooperate with the deposition, she would seek sanctions. Plaintiff nonetheless refused to answer any questions. The court reporter recorded this interaction. (Docs. 96, 98-2, 99).

Defendants point out that while Plaintiff requested an extension of the discovery deadline, his motion and supplement (Docs. 91, 93, filed on September 29, 2022) made no mention of the October 3, 2022 deposition. (Doc. 96, p. 2). Nor did he raise any objection to the notice of deposition. (Doc. 96, p. 3).

Plaintiff responds that he believed the new discovery deadline of December 27, 2022 "superseded" the October 3, 2022 deposition date. (Doc. 99, p. 2). He notes that he had only one week to prepare for the deposition after receiving Defendants' notice on September 26, 2022. Plaintiff previously stated in his supplement to his motion for extension of time, that he received the replacement copy of Defendants' initial disclosures on September 10, 2022 and had not yet

2

had sufficient opportunity to examine the material. (Doc. 93, p. 2). On the record on October 3, 2022, Plaintiff stated his belief that if the Court granted his request to extend the discovery schedule, "it would give me a new deposition schedule as well. So I didn't know that I had needed to address the deposition." (Doc. 98-2, p. 2; p. 6 of transcript). He reiterated that he was not capable of answering questions that day. (Doc. 98-2, pp. 3-4; pp. 12-13 of transcript).

## LEGAL STANDARDS

Federal Rule of Civil Procedure 37(d) provides that the Court may order sanctions for discovery abuses, including the failure to appear for a deposition or failure to respond to discovery requests. FED. R. CIV. P. 37(d)(1). Sanctions for Rule 37 violations may include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

FED. R. CIV. P. 37(b)(2)(A); *see also* FED. R. CIV. P. 37(d)(3). The Rule further provides:

> Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

FED. R. CIV. P. 37(d)(3).

## ANALYSIS

Plaintiff misunderstood the effect of the Court's extension of the deadline to complete discovery to December 27, 2022. Contrary to his belief, that extension did not "supersede" or cancel his October 3, 2022 deposition; it merely added more time for both parties to complete the discovery process. If Plaintiff required more time to prepare for his deposition, the proper step

would have been to confer in advance with defense counsel to reschedule the matter, or file a motion with the Court, rather than wait until the day of the deposition to make his request. His refusal to cooperate with the deposition caused Defendants to incur their costs of appearance and court reporting services without the benefit of completing the deposition.

Plaintiff acknowledges he received the deposition notice one week before the October 3 deposition date. Rule 30(b)(1) requires "reasonable written notice" to the person to be deposed. In this instance, a one-week notice could be considered "reasonable," but Plaintiff clearly believes it was not. The Court notes that as of October 3, Plaintiff had possession of (or at least access to) Defendants' disclosures for three weeks (since September 10). Plaintiff has not explained why this amount of time was insufficient for him to adequately prepare to answer questions about his claims in this action. Defendants did comply with the Court's requirement to serve Plaintiff with notice at least two weeks before the date of the deposition; however, due to delays in either the U.S. Mail or the prison mail delivery system (or both), it took an entire week to get to Plaintiff.

Relevant to this situation, the Seventh Circuit commented on the distinction between a party's failure to appear for a deposition versus his failure to participate. "*Stevens* [*v. Greyhound Lines, Inc.*] indicates that if a party 'does in fact appear physically for the taking of his deposition but refuses to cooperate ... the proper procedure is first to obtain an order from the court, as authorized by Rule 37(a), directing him to be sworn and testify.'" *Evans v. Griffin*, 932 F.3d 1043, 1046 (7th Cir. 2019) (quoting *Stevens v. Greyhound Lines, Inc.*, 710 F.2d 1224, 1228 (7th Cir. 1983). Defendants here request such an order as an alternative to their request for dismissal as a sanction. (Doc. 96, pp. 4-5).

Plaintiff did receive actual notice in advance of his deposition, unlike the plaintiff in *Evans*. Nonetheless, the harsh sanction of dismissal is not warranted here, as there is no prior history in

4

this case of Plaintiff refusing to cooperate with discovery. *See Collins v. Illinois*, 554 F.3d 693, 695 (7th Cir. 2009) (dismissal of case following plaintiff's refusal to proceed with her deposition was reasonable where she refused to wait for contact with the magistrate judge to address her objections, and where plaintiff had a previous pattern of disregard for discovery rules). To the contrary, Plaintiff has sought guidance on interpreting the Court's discovery order and, prior to this instance, has filed appropriate motions and complied with procedural rules. (Docs. 74, 86, 90).

Based on the above, the Court concludes that Plaintiff's receipt of his deposition notice one week before the deposition date constituted reasonable notice under Federal Rule of Civil Procedure 30(b)(1). Plaintiff has not shown that the three weeks during which he had access to Defendants' initial disclosure documents was insufficient time to prepare for his deposition. While Plaintiff has explained the basis for his misunderstanding that the extension of the discovery deadline operated to postpone his October 3, 2022 deposition, the Court finds that his mistake was not reasonable. Plaintiff appeared for the deposition, but his refusal to answer any questions amounted to the same thing as a failure to appear within the meaning of Rule 37(d)(1)(A)(i). Accordingly, an order for Plaintiff to appear for the rescheduled deposition is appropriate to remedy his failure to allow Defendants to take his deposition. The Court will reserve ruling on Defendants' request for monetary sanctions and will revisit this issue at the completion of this litigation.

### DISPOSITION

Defendants' Motion for Sanctions (Docs. 96, 98) is **GRANTED** in part and **DENIED** in part. Although the Court will not dismiss the case or award fees at this time, Plaintiff is **ORDERED** to appear and answer questions for a properly noticed deposition (mailed at least two weeks in advance, per Doc. 73). If Plaintiff fails to appear for or cooperate with a properly noticed

deposition, the Court may dismiss this lawsuit as a sanction and assess costs against him.

Defendants are **ORDERED** to submit their proposed costs and attorney's fees associated with the October 3, 2022 deposition, including the court reporter's fees, within **14 days** from the date of this Order to both Plaintiff and the Court. Plaintiff shall then have **14 days** to file a response to the notice as to the reasonableness of the fees. The Court **RESERVES RULING** on the reasonableness of the fees and whether Plaintiff will be required to pay them until the completion of this litigation.

**IT IS SO ORDERED.**

**DATED:  October 20, 2022**

<u>s/  Stephen P. McGlynn</u><br>
**STEPHEN P. McGLYNN**<br>
**United States District Judge**